# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 71 | **DATE** | ½/2002 |
| **CASE TITLE** | USA vs. James Smith | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Government's motion in limine regarding defendant's drug use is denied. Defendant's motion in limine to preclude introduction or mention of prior convictions is granted in part and denied in part; defendant's prior convictions for forgery, robbery, burglary, and theft are admissible for impeachment purposes, but his convictions for drug possession are not.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 03 2002 | |
| | Notified counsel by telephone. | | date docketed | 63 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 00 CR 71 |
| ) | |
| JAMES SMITH ) | |

DOCKETED
JAN 0 3 2002

MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

James Smith is charged with a single count of making counterfeit currency. According to the government, Smith was arrested in a Niles, Illinois store on November 26, 1999 for suspected shoplifting. He allegedly paid for some items with genuine currency but then took other items for which he had not paid to the customer service desk to request a refund. He was detained by store security and was later arrested by a Niles police officer. A search of Smith turned up a plastic bag with 0.11 grams of cocaine and $888 of suspected counterfeit currency. Smith was then interviewed by United States Secret Service agents; he told them that he had made the counterfeit money at home using a computer scanner and that he had more counterfeit money there. When searching Smith's home, the agents discovered $1,545 in counterfeit currency in a cigar box which also held drug paraphernalia. After Smith was indicted, the government obtained via subpoena bank records which the government claims show that Smith was living on a shoestring at the time of his arrest.

Smith has a number of prior criminal convictions, including a 1990 conviction for robbery, a 1992 conviction for burglary, a 1993 conviction for theft, two 1994 convictions for drug possession, a 1995 conviction for forgery, a 1997 conviction for retail theft, and a 2000



conviction for drug possession.

The government wants to introduce in its case in chief the cocaine, the drug paraphernalia, the prior drug convictions, and the bank records to prove Smith's motive to manufacture the counterfeit currency and his intent to defraud, and if Smith testifies, it wants to use all of his prior convictions for purposes of impeachment. Smith has asked the Court to exclude this evidence.

1. **Motive evidence**

Smith is charged under 18 U.S.C. §471, which provides that "[w]hoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States, shall be fined under this title or imprisoned not more than fifteen years, or both." To act "with intent to defraud" means "to act with the specific intent to deceive or cheat, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to oneself." Eleventh Circuit Pattern Criminal Jury Instructions 125 (1997). In other words, mere possession of counterfeit currency is not a crime. *United States v. Olson*, 697 F.2d 273, 275 (8th Cir. 1983); *United States v. Allison*, 619 F.2d 779, 782 (5th Cir. 1980). To convict Smith, the government will be required to prove that he knew the counterfeit currency was bogus and intended to pass it as genuine currency. *See, e.g., United States v. Grady*, 665 F.2d 831, 835 (8th Cir. 1981); *United States v. Lorenzo*, 570 F.2d 294, 299 (9th Cir. 1978). The former is part and parcel of the government's evidence that Smith manufactured the counterfeit currency himself; the latter is what the government's motion *in limine* concerns.

Evidence of acts other than those with which the defendant is charged is inadmissible to prove the defendant's propensity to commit crimes but is admissible to prove other relevant

matters, such as motive and intent. Fed. R. Evid. 404(b). To be admissible under Rule 404(b), the evidence must be directed to establishing a matter in issue other than the defendant's propensity to commit the crime, it must be similar enough and close enough in time to be relevant to the matter in issue, it must be sufficient to support a jury finding that the defendant committed the act, and its probative value must not be substantially outweighed by the danger of unfair prejudice. *See, e.g., United States v. Vaughn,* 267 F.3d 653, 657 (7th Cir. 2001); *United States v. Gibson,* 170 F.3d 673, 678 (7th Cir. 1999).

There is no question that Smith committed the "acts" that the government wants to admit: the drugs were found on his person, the paraphernalia was found in his house, and he was convicted of the drug charges. But these acts by themselves prove nothing other than that Smith committed drug offenses on two occasions separated by five years and that he had the tools for using drugs. What the government is aiming for in offering the other act evidence is an inference: that Smith had a drug habit significant enough to give him a need for money that he could not satisfy legitimately. But though it is conceivable that Smith actually may be a drug addict or at least a habitual user, the evidence that the government offers does not add up to anything of the kind. The fact that Smith had a small amount of cocaine on him and had paraphernalia at home is equally consistent with casual or infrequent use. The drug convictions by themselves do not alter this analysis (we have been told nothing about the circumstances of the convictions or the quantities involved). If this evidence were admissible, it would suggest that whenever a person accused of a non-drug crime is found to be in possession of drugs, the drugs should be admitted to prove motive. But that is not the law. A casual user does not experience the same financial pressures as an addict, and thus without evidence sufficient to

3

support a jury finding of addiction or habitual use, evidence of drug possession or prior drug crimes is not admissible to prove motive.

The government relies on two Seventh Circuit cases that approved a trial court's admission of evidence of drug-related activity to prove motive. In *United States v. Cunningham*, 103 F.3d 553 (7th Cir. 1996), the defendant, a registered nurse, was charged with tampering with syringes that contained Demerol, a painkiller; the Demerol had been replaced with a saline solution. When interviewed by the police she acknowledged that she had been a Demerol addict, and a urine test proved positive for Demerol. At trial the judge allowed evidence of the defendant's admission of her prior addiction; the fact that four years earlier, her nursing license (held under another name) had been suspended due to a theft of Demerol; and evidence that she had falsified drug test results to get her license back. He excluded as unfairly prejudicial evidence of the criminal conviction that had resulted from the earlier theft. *Id.* at 556. The Seventh Circuit upheld the admission of the addiction evidence, saying that being a Demerol addict gave the defendant a motive to tamper with the Demerol-filled syringes; it held that the trial judge had not abused his discretion in concluding that the prejudicial effect of the evidence did not outweigh its probative value. *Id.* at 557-58. It likewise affirmed the admission of the evidence of the suspension and drug test falsification, saying that this evidence "furnished the basis for an inference that [the defendant] had falsified the test results in order to enable her to continue to feed her addiction without detection and without losing access to a 'free' supply of the addictive substance," and thus tended to establish a motive. *Id.* at 558.

In the other Seventh Circuit case upon which the government relies, *United States v. Brooks*, 125 F.3d 484 (7th Cir. 1997), the defendant was charged with bank robbery. The

4

Seventh Circuit's decision reports that the trial court "admitted evidence that the defendants used crack cocaine and that their desire to obtain more cocaine motivated this bank robbery." *Id.* at 499. Though the court's opinion does not specify what the evidence consisted of, it appears that it included evidence that "buying more cocaine was part of the plan at the time the defendants committed the bank robbery." *Id.* at 500.[1] The court held that the drug use evidence was sufficiently related to the bank robbery to meet the relevance test in that it provided the motive for the robbery.

The evidence that the government proposes to use in this case is nothing like the evidence approved in *Cunningham* and *Brooks*. In the former case, the defendant had admitted her addiction, and it was an addiction for the particular substance that she was charged with taking. In the latter case, there was apparently evidence that directly connected the bank robbery to the desire to obtain money to purchase cocaine. Thus in both cases, there was evidence that actually tended to show a motive. Here there is not. As we have stated, two convictions for drug possession separated by five years and possession of a small quantity of cocaine and the tools for using it does not add up to evidence from which a jury reasonably could find that Smith had an addiction or a regular habit, which is what it would take to suggest a motive or intent to defraud.

The government also offers bank records which it claims show that Smith was living on a shoestring, which if so might be enough to tip the scales in favor of admissibility of the drug use evidence (aside from the convictions, which we would exclude as unfairly prejudicial in any

---

[1] Brooks had testified at a suppression hearing that he was under the influence of crack cocaine at the time of his FBI interview about two and one-half weeks after the robbery and that he "had been smoking a steady supply of crack cocaine for about two months." *Id.* at 490. Though we do not know whether the evidence admitted at trial followed this same line, this may provide some insight into the nature of the evidence admitted by the trial court.

event). But in fact the bank records do not show this. Rather, they show only that Smith had a bank account in which his monthly Veteran's Administration disability benefits checks were deposited and that the account tended to be drawn down to zero by the date that the following month's check was deposited. The fact that an individual has a particular bank account that is drawn down every month is not evidence of poverty or a desperate need for cash; the monthly deposits might be sufficient to satisfy his needs, or he might have another bank account or other resources. In sum, the bank records do not tip the scales, and like the drug evidence they are not admissible in the government's case in chief.[2]

## 2.     Evidence of prior convictions

As indicated earlier, Smith has a 1990 conviction for robbery, a 1992 conviction for burglary, a 1993 conviction for theft, two 1994 convictions for drug possession, a 1995 conviction for forgery, a 1997 conviction for retail theft, and a 2000 conviction for drug possession. All of these are felony convictions. The government proposes to use them to impeach Smith if he testifies; Smith has moved *in limine* to exclude the convictions.

Federal Rule of Evidence 609(a) provides that evidence that an accused person has been convicted of a felony shall be admitted for the purpose of impeachment if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused. Fed. R. Evid. 609(a)(1). In addition, evidence that any witness has been convicted of a crime involving dishonesty or false statement is admissible without regard to its prejudicial effect. Fed. R. Evid. 609(a)(2). Smith's forgery conviction is admissible under Rule 609(a)(2). *See United*

---

[2] Even if the Court found this evidence relevant under Rule 404(b), we would exclude it because its unfairly prejudicial effect far outweighs any limited probative value it may be said to have.

*States v. Byrd,* 771 F.2d 215, 219 (7th Cir. 1985). However, his convictions for robbery, burglary, theft, and drug possession convictions are not, as the government has not shown that any of them involved false statements or acts of deceit beyond the basic crime itself, and as to the theft convictions has not shown that it involved items of significant value. *See United States v. Galati,* 230 F.3d 254, 261 (7th Cir. 2000) (petty theft conviction); *United States v. Rodriguez-Andrade,* 62 F.3d 948, 952 (7th Cir. 1995) (burglary conviction); *United States v. Mejia-Alarcon,* 995 F.2d 982, 989 (10th Cir. 1995) (robbery and burglary convictions); *United States v. Brackeen,* 969 F.2d 827, 830 (9th Cir. 1992) (en banc) (per curiam) (robbery conviction).

The Seventh Circuit has established a five-part test to guide a district court in determining whether the probative value of evidence concerning a prior conviction outweighs its prejudicial effect pursuant to Rule 609(a)(1). We are to consider: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *See, e.g., United States v. Smith,* 131 F.3d 685, 687 (7th Cir. 1997); *United States v. Rein,* 848 F.2d 777, 782 (7th Cir. 1988).

*Impeachment Value.* Though Smith's convictions for robbery, burglary, and theft are not crimes involving deceit or false statement within the meaning of Rule 609(a)(2), there is an aspect of dishonesty inherent in each of these offenses. These convictions are thus somewhat probative of Smith's credibility. *See, e.g., United States v. Smith,* 80 F.3d 1188, 1193 (7th Cir. 1996); *United States v. Halbert,* 668 F.2d 489, 495 (10th Cir. 1982). The same cannot be said of Smith's convictions for drug possession. Though there is authority indicating that convictions for drug smuggling and drug dealing are probative of credibility (an issue we need not address

7

here), *see, e.g., United States v. Hayes,* 553 F.2d 824, 828 (2d Cir. 1977); *United States v. Ortiz,* 553 F.2d 782, 784 (2d Cir. 1977); *United States v. Alexander,* 48 F.3d 1477, 1488 (9th Cir. 1995) (conviction for drug possession "for sale"); *United States v. Cordoba,* 104 F.2d 225, 229 (10th Cir. 1997) (possession with intent to distribute), the same cannot be said of convictions for drug possession. *See, e.g., Gust v. Jones,* 162 F.3d 587, 595-96 (10th Cir. 1998); *Wilson v. Union Pacific RR Co.,* 56 F.3d 1226, 1231 (10th Cir. 1995); *United States v. Puco,* 453 F.2d 539, 543 (2d Cir. 1971).

*Age of conviction and subsequent history.* Smith's 1990 and 1992 convictions for robbery and burglary are fairly old, and if he had no subsequent criminal history this would weigh against admitting them in evidence. However, Smith's history of recidivism tends to eliminate any *unfairly* prejudicial effect from admission of these convictions.

*Similarity of offenses.* None of Smith's prior offenses are in any way similar to the present charges.

*Importance of defendant's testimony.* As stated earlier, the government is required to prove Smith's intent to defraud. Based on what the government has told the Court about its evidence, there is no direct evidence of this, and thus the government will have to prove it inferentially. If intent to defraud is a disputed issue (as it is likely to be), the importance of Smith's testimony is enhanced. This factor cuts against admission of Smith's prior convictions. Knowledge that one's prior convictions will be admitted tends to deter a defendant from testifying; there is an understandable fear that jurors will disregard any limiting instructions that the Court gives and will assume that because the defendant has committed crimes in the past, he likely committed the charged crime.

8

*Centrality of credibility issue.* If Smith testifies, his testimony will undoubtedly focus on the issue of intent to defraud – whether he planned to use the counterfeit currency. For this reason, his credibility will be critical. This factor tilts significantly in favor of admitting the prior convictions.

In sum, all but one of the factors that we are required to analyze weigh in favor of admitting Smith's prior convictions for robbery, burglary, and theft. The Court believes that the factors favoring admission – particularly the importance of the credibility issue and the fact that these offenses include an aspect of dishonesty – outweigh the possibility that admitting the convictions might deter Smith from testifying. The Court will permit the government to use these convictions to impeach Smith if he testifies. The impeachment will be limited to the date and nature of the conviction; evidence of the sentence imposed has no bearing on credibility and will be excluded.

## Conclusion

The government's motion *in limine* regarding defendant's drug use is denied. Defendant's motion *in limine* to preclude introduction or mention of prior convictions is granted in part and denied in part; defendant's prior convictions for forgery, robbery, burglary, and theft are admissible for impeachment purposes, but his convictions for drug possession are not.

MATTHEW F. KENNELLY
United States District Judge

Date: January 2, 2002

9